UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ROBERT HODGE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFF LYNCH, et al.,<br><br>　　　　　Defendants. | No.  2:22-cv-00495 AC<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

　　I.　　Application to Proceed In Forma Pauperis

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

At all times relevant to the allegations in the complaint, plaintiff was a prisoner at California State Prison-Sacramento ("CSP-Sac"). Named as defendants in this action are the prison warden, the Governor of California, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), and two prison officials employed at CSP-Sac. The complaint also names the "cohorts" of defendants, but it is unclear in what capacity these individuals are employed or what specific conduct they engaged in.

It also appears to the court that plaintiff is attempting to bring a class action lawsuit on behalf of other prisoners at CSP-Sacramento. See ECF No. 1-1 (Civil Cover Sheet listing multiple plaintiffs).

Plaintiff is challenging CDCR's Recall and Resentencing Referral Program because defendants are "unwilling to follow their own rules, guidelines, laws or [the] California Constitution…." ECF No. 1 at 6. Plaintiff generally seeks to have new state sentencing laws applied retroactively to his criminal sentence. Plaintiff also specifically requests monetary compensation and a referral to CDCR's RRRP for sentencing adjustment.

### IV. Analysis

This lawsuit is brought by plaintiff as a class action. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the

3

1  interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule
2  becomes almost absolute when, as here, the putative class representative is incarcerated and
3  proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms,
4  plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule
5  23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779
6  (D.D.C. 1976).  This action, therefore, will not be construed as a class action and instead will be
7  construed as an individual civil suit brought by plaintiff.

8  While not entirely clear, it appears plaintiff believes he should be released from prison.
9  When a state prisoner challenges the legality of his custody and the relief he seeks is the
10 determination of his entitlement to an earlier or immediate release, his sole federal remedy is a
11 writ of habeas corpus which plaintiff would seek under 28 U.S.C. § 2254.  Preiser v. Rodriguez,
12 411 U.S. 475, 500 (1973).  Also, to the extent plaintiff seeks damages, plaintiff is informed he
13 cannot proceed on a §1983 claim for damages if the claim implies the invalidity of his conviction
14 or sentence.  Heck v. Humphrey, 512 U.S. 477, 487 (1994).

15 Additionally, the complaint does not state a claim upon which relief can be granted
16 because it is solely based on questions concerning state sentencing laws.  The federal Civil Rights
17 statute provides a private cause of action for the violation of any "rights, privileges, or immunities
18 secured by the Constitution…."  42 U.S.C. § 1983.  Plaintiff cannot transform questions of state
19 law into federal Constitutional violations remediable in this § 1983 action.

20 For all these reasons, the undersigned finds that the allegations in the complaint fail to
21 state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1).  Plaintiff's
22 complaint should therefore be dismissed.

23   V.   No Leave to Amend

24 Leave to amend should be granted if it appears possible that the defects in the complaint
25 could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31
26 (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint
27 cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United
28 States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that given the nature of the claims, amendment would be futile. The complaint should therefore be dismissed without leave to amend.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

It is being recommended that your complaint be dismissed without leave to amend because you only raise state law claims that cannot be remedied in this federal 42 U.S.C. § 1983 action. If you are seeking a speedier release from prison, the type of case you should initiate is a federal habeas corpus petition rather than a civil rights action.

If you disagree with this recommendation, you have 14 days to explain why it is not correct. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will make the final decision.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 19, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE